1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| AMILIA S., | Case No. 23-cv-01532-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING PETITION FOR ORDER APPROVING MINOR'S COMPROMISE** |
| COUNTY OF SANTA CLARA, | [Re: ECF 49] |
| Defendant. | |

Plaintiff Amilia S., a minor, by and through her guardian *ad litem* and through her attorney, filed this action against the County of Santa Clara ("Defendant"). *See* ECF 1. Plaintiff alleges federal civil rights and state law claims arising from her treatment at the County of Santa Clara's acute psychiatric facility, Barbara Arons Pavilion. *Id.* Defendant has agreed to settle with Plaintiff all claims for $50,000.00. ECF 49 at 4. Petitioner Rebecca Weisman's ("Petitioner"), Plaintiff's court-appointed Guardian *ad Litem*, petitions this Court for an Order Approving Minor's Compromise. ECF 49. Defendant has not filed an opposition. The petition is GRANTED for the reasons discussed herein.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quotation marks and citation omitted). The district court's inquiry is limited to considering "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." *Id.* at 1182. Upon concluding that a minor's net recovery is fair and

1   reasonable, district courts within the Ninth Circuit commonly order that such funds be deposited

2   into a blocked account for the minor's benefit. *See, e.g. Lily v. Cooper*, No. 19-cv-745-DMS (AGS),

3   2020 WL 5742933, at *4 (S.D. Cal. Sept. 25, 2020) ("Counsel shall, within 45 days after approval of

4   the minors' compromise, file with the Clerk of Court proof of deposit of funds payable for the

5   minors' benefit into blocked accounts as required by this Order."); *Estate of Sauceda v. City of N.*

6   *Las Vegas*, No. 2:11-cv-02116-GMN-NJK, 2020 WL 2105017, at *1 (D. Nev. Apr. 30,

7   2020) (approving minor's compromise and ordering that funds "shall be deposited into a blocked

8   trust account with proof of such deposit provided to the Court within 60 days of this Order"); *S.V.*

9   *by & through Valencia v. Delano Union Elementary Sch. Dist.*, No. 1:17-cv-00780-LJO-JLT, 2019

10  WL 2635949, at *3 (E.D. Cal. June 27, 2019), *report and recommendation adopted*, No. 1:17-cv-

11  00780-LJO-JLT, 2019 WL 3253969 (E.D. Cal. July 19, 2019) ("The money will be deposited in a

12  blocked account for the child's benefit.").

13      Here, Plaintiff's petition proposes that the $50,000.00 settlement funds be distributed as

14  follows:

15      1.  $15,000.00 to minor Amilia S. *See* ECF 49 at 13, ¶ 31.

16      2.  $5,610.00 to the court-appointed Guardian *ad Litem*, Rebecca Weisman. ECF 49 at 12, ¶ 26.

17      3.  $471.87 to the Law Office of Sanjay S. Schmidt for costs incurred. *Id.*

18      4.  $28,918.13 to the Law Office of Sanjay S. Schmidt for attorney's fees incurred. *Id.*

19  The Court has determined that the proposed distribution is "fair and reasonable" to the minor

20  Plaintiff, Amilia S., as required under *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).

21                                      **ORDER**

22  (1) The Petition for Order Approving Compromise of Claims (ECF 49) is GRANTED. The

23      Court APPROVES the settlement of the claims of minor Plaintiff Amilia S. against

24      Defendant, as compromised pursuant to the terms of the settlement reached among the

25      parties, and further described in the petition (ECF 49) and this order.

26  (2) The Court APPROVES the distribution of attorneys' fees and costs to Plaintiffs' counsel as

27      set forth in the petition. ECF 49.

28  (3) $15,000.00 SHALL be deposited into the Plaintiff's client trust account with the Public

United States District Court
Northern District of California

1   Guardian for the County of Santa Clara. Plaintiff's client trust account SHALL be managed

2   by Plaintiff's Conservator at the Office of the Public Guardian. The funds SHALL be held

3   in trust for Plaintiff and SHALL be used strictly for the Plaintiff's benefit. The settlement

4   proceeds SHALL be deposited into this account within two business days of receipt by the

5   Public Guardian of a check either directly from the County of Santa Clara or from Plaintiff's

6   counsel's Attorney-Client (IOLTA) trust account. That check SHALL be made out pursuant

7   to the instructions provided by the Public Guardian to the County or Plaintiff's counsel.

8   Plaintiff's counsel SHALL file a notice informing the Court when those deposits are

9   completed.

11  **IT IS SO ORDERED.**

13  Dated:  January 14, 2025

    _____
    BETH LABSON FREEMAN
    United States District Judge